FILED
Jeffrey A. Apperson, Clerk
JUN 08 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-86-H

UNITED STATES OF AMERICA                 PLAINTIFF

V.

LARRY Z. WILLIAMS                 DEFENDANT

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY**:

Now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the Government. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding

upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either defendant or the Government; they merely give testimony which you should consider. Concentrate on that, not the numbers.

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that a defendant did not testify cannot be considered by you in any way during your deliberations.

The lawyers for both sides objected to some of the things that were said or done during

the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges two (2) separate offenses called "counts." The number of charges is not evidence of guilt, and this should not influence your decision in any way. The defendant is on trial only for the particular crimes charged in the indictment. It is your duty to consider separately the evidence that relates to each charge, and to return a separate verdict for each charge. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

INSTRUCTION NO. 1

In Count 1 of the Third Superseding Indictment (the "Indictment"), Defendant is charged with a violation of Title 18, United States Code, Sections 2113(a) and (d), which makes it a federal crime for any person to take from the person or presence of another, by force, violence, or intimidation, any money in the possession of a federally insured bank, and in the process of doing so assault any person by the use of a dangerous weapon or device. For you to find Defendant guilty on Count 1 of the Indictment, you must be convinced that the Government has proved each of the following **four** elements beyond a reasonable doubt:

(1) The Defendant intentionally took money from another person;

(2) The money belonged to or was in the possession of a federally insured bank at the time of the taking;

(3) The Defendant took the money by means of force, violence, or intimidation; and

(4) The Defendant assaulted another person by the use of a dangerous weapon or device while engaged in taking the money.

Regarding element (2), above, a "federally insured bank" is a bank whose deposits are insured by the Federal Deposit Insurance Corporation. Regarding element (4), above, a handgun constitutes a "dangerous weapon or device," and threatening another person with a dangerous weapon or device constitutes "assault" for purposes of this Instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 1 on the verdict form. If not, say so by entering a not guilty verdict as to Count 1 on the verdict form.

INSTRUCTION NO. 2

In Count 2 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), which makes it a federal crime for any person to brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States. For you to find Defendant guilty on Count 2 of the Indictment, you must be convinced that the Government has proved each of the following **two** elements beyond a reasonable doubt:

(1) The Defendant committed the crime charged in Count 1 of the Indictment; and

(2) The Defendant knowingly brandished a firearm during and in relation to his commission of the crime charged in Count 1 of the Indictment.

To prove that the Defendant "brandished" a firearm during and in relation to a crime of violence, the Government must prove that the Defendant carried a firearm and displayed it during and in relation to the bank robbery charged in Count 1. The term "in relation to" means that the firearm must have some purpose, role, or effect with respect to the bank robbery. The carrying of the firearm cannot be merely coincidental or unrelated to the commission of the crime. For purposes of this Instruction, pointing a firearm at a bank employee or customer during the commission of a bank robbery constitutes "brandishing."

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 2 on the verdict form. If not, say so by entering a not guilty verdict as to Count 2 on the verdict form. If you found Defendant not guilty on Count 1, you must also find him not guilty on Count 2.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the Government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-86-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

LARRY Z. WILLIAMS                                                     DEFENDANT

**VERDICT FORM**

We, the jury, find Defendant, Larry Z. Williams,

On Count 1        _____          _____
                  Guilty                  Not Guilty

On Count 2        _____          _____
                  Guilty                  Not Guilty




                                          _____
                                          FOREPERSON


                                          Date: _____